LEOPOLDO SEVILLA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. EDWIN MELÉNDEZ GRILLASCA, JUEZ, demandado; JOAQUÍN SEVILLA c/p JOAQUÍN ECHEVARRÍA ET AL., interventores.

*Número:* O-69-238     *Resuelto:* 30 de octubre de 1970

*Ernesto Maldonado Pérez,* abogado del peticionario; *Juan Castañer Vélez,* abogado de los interventores.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Este recurso envuelve una acción de filiación presentada contra el peticionario por los interventores. La cuestión planteada ante nos en esta etapa de los procedimientos es si el tribunal de instancia erró o no al declarar sin lugar una moción de sentencia sumaria presentada por el allí demandado y aquí peticionario.

Los hechos que alegadamente se establecerían por los demandantes, aquí interventores, como base a su causa de acción pueden resumirse como sigue.

Desde antes del año 1899 Doroteo Sevilla convivió marital y públicamente con Segunda Echevarría, hasta la muerte de ésta acaecida en el año 1944. De esta unión nacieron siete hijos de los cuales sobreviven los interventores Agustín y Joaquín y el peticionario Leopoldo Sevilla. El otro interventor, Clemente Muriel, es hijo de Julia una de los siete hijos de Doroteo Sevilla y Segunda Echevarría antes mencionados. Julia nació en el 1896 y premurió a sus padres en 1928. Agustín nació en el 1899, Joaquín en el 1907 y Leopoldo el menor de los siete, nació en el 1910. Durante la unión de Doroteo Sevilla y Segunda Echevarría no se le conoció a ésta ningún otro marido ni tuvo relaciones sexuales con ningún otro hombre.

Tanto el demandado como los demandantes Joaquín y Agustín y los demás hermanos nacieron y se criaron en el mismo hogar constituido por sus padres Doroteo Sevilla y Segunda Echevarría. Dicho hogar ubicaba en una pequeña finca propiedad del padre de la familia, Doroteo Sevilla,

finca que consta de 3.983 cuerdas y que radica en el Barrio Juan Domingo del municipio de Guaynabo.

Actualmente todas las personas envueltas en este litigio viven en la misma finca, pero en casas separadas. En el año 1957, cuatro años después de fallecido el padre, los interventores y el peticionario convinieron en dividir la finca entre sí, como herederos que eran de su padre Doroteo Sevilla. Obra en autos un plano levantado por el Agrimensor José C. Font en el cual aparece la finca fraccionada en seis pequeñas parcelas o solares, conforme al acuerdo de los herederos. En dicho plano cada parcela está identificada con los números del 1 al 6 y en la leyenda del plano se expresa que dicha finca es propiedad de los sucesores de Doroteo Sevilla y se hace la siguiente enumeración: (1) Leopoldo Sevilla; (2) Cecilia Sevilla; (3) Agustín Sevilla; (4) Joaquín Sevilla; (5) Trinidad Sevilla y (6) Matías Muriel. Cada parcela fue así adjudicada a dichos herederos. El plano está fechado en Río Piedras, a 17 de diciembre de 1957 y está firmado por el agrimensor. También consta en autos una declaración jurada del agrimensor en donde expresa que el peticionario Leopoldo Sevilla solicitó sus servicios de agrimensor para hacer dicho plano para distribuir la finca entre él y sus hermanos, como herederos de su padre Doroteo Sevilla. Hace constar el agrimensor que se reunió con el demandado Leopoldo y con Joaquín, Agustín, Clemente Muriel, Matías Muriel, Cecilia Sevilla y Trinidad Echevarría y que allí Leopoldo expresó que él quería distribuir entre sus hermanos y sobrinos las partes que le tocaban en herencia dejada por el padre de ellos, Don Doroteo Sevilla. Declara que siguiendo las instrucciones que le dieron procedió a medir la finca y a preparar el plano antes descrito.

Don Doroteo había fallecido intestado en 23 de octubre de 1953. Los demandantes continuaron ocupando sus parcelas y para el año 1966 la corporación Labrada Construction Corporation instó un pleito contra Etanislao Sevilla en el Tri-

bunal Superior de Bayamón (CS-66-1655) relacionado con una servidumbre de paso que necesitaba la referida corporación para el desarrollo de la Urbanización Tintillo Gardens, la cual colinda con la finca que era propiedad de Doroteo Sevilla y que ahora ocupan sus hijos. Con motivo del mencionado pleito la Labrada Construction Corporation compensó a la sucesión de Doroteo Sevilla y el demandado Leopoldo Sevilla recibió el producto de esa compensación, distribuyéndolo entre él y sus hermanos, en concepto de la participación que a ellos les correspondía como herederos de Doroteo Sevilla.

En algún momento antes del año 1968 vino al conocimiento de Leopoldo Sevilla que él, el hijo menor, era el único que aparecía reconocido en el acta de nacimiento por su padre. Como consecuencia de ésto en dicho año inició un procedimiento en el Tribunal Superior, Sala de San Juan, sobre declaratoria de herederos, alegando ser el único y universal heredero de su padre Doroteo Sevilla y obtuvo sentencia en San Juan así declarándolo. También presentó en el Tribunal Superior, Sala de San Juan, una demanda de desahucio en precario contra uno de los aquí demandantes, alegando que éste estaba ocupando una residencia y terrenos propiedad de Leopoldo Sevilla, sin justo título y sin autoridad de ley alguna. Fue entonces que los demandantes interventores recurrieron, por carecer de recursos, a la Oficina de Servicios Legales para defenderse y para evitar ser despojados de lo que creen ser sus derechos. Los demandantes Agustín y Joaquín Sevilla tienen en el año 1970, 71 y 63 años de edad respectivamente.

Sin haber contestado la demanda en el caso de autos, el demandado Leopoldo Sevilla presentó una moción en el tribunal de instancia solicitando sentencia sumaria basándose en que han transcurrido más de 15 años desde la muerte del causante hasta la presentación de la acción de filiación.

Los interventores sometieron interrogatorios al demandado, solicitaron permiso para enmendar la demanda y presentaron sendas declaraciones juradas en oposición a que se dicte sentencia sumaria. Los interventores también atacan la validez del acta de nacimiento del demandado Leopoldo Sevilla porque, alegan, en la misma se hace constar que Doroteo Sevilla no sabía leer ni escribir y sin embargo la misma aparece con una firma que se alega es la de Doroteo Sevilla. Sometieron también la declaración jurada del Agrimensor José C. Font que contiene los extremos antes mencionados.

El tribunal de instancia no permitió en aquellos momentos la demanda enmendada y mediante su Resolución de 9 de octubre de 1969, que es la que se ataca mediante este *certiorari*, se limitó a resolver el asunto de la procedencia de la sentencia sumaria. Expresa el tribunal en su Resolución que la teoría de los demandantes es que la acción no es una para el reconocimiento forzoso de la paternidad sino para la declaración judicial de la existencia de un reconocimiento voluntario por parte del padre Doroteo Sevilla así como por parte del hermano demandado, Leopoldo Sevilla. Sostienen que Leopoldo los reconoció aceptando que son hermanos de doble vínculo y herederos de su padre Doroteo Sevilla, demostrado esto por los actos del propio Leopoldo al proceder a dividir en parcelas la finca que heredaron de su padre para distribuirla entre ellos, por la convivencia con sus padres y hermanos, en calidad de éstos, hasta que llegaron a ser adultos y por haber el propio Leopoldo compartido con los demandantes la compensación antes mencionada que recibió la sucesión de Doroteo Sevilla de parte de Labrada Construction Corporation. Insistieron los demandantes que no se trata de una acción de filiación para ser reconocidos sino que solicitan la declaración judicial de que ya lo fueron por acción de su padre y de su hermano el demandado.

Mediante el interrogatorio fechado a 29 de julio de 1969 los demandantes hicieron una serie de preguntas al demandado Leopoldo Sevilla, las cuales éste contestó bajo juramento mediante su contestación fechada a 19 de agosto del mismo año. A continuación algunas de esas preguntas y contestaciones que son pertinentes.

P. 8. "Diga si es o no cierto que los demandantes Joaquín Sevilla, Agustín Sevilla y la madre de Clemente Muriel, Julia Sevilla convivían con usted en el mismo hogar de Doroteo y Segunda Sevilla, como hijos *de Doroteo* y hermanos de usted." (Énfasis nuestro.)

R. 8. "Sí, vivimos un tiempo en la forma indicada en el interrogatorio."

P. 9. "Diga cuánto tiempo hace que usted conoce a los demandantes Joaquín Sevilla, Agustín Sevilla y Clemente."

R. 9. "Desde que nací."

P. 10. "Diga si es o no cierto que los demandantes Joaquín Sevilla, Agustín Sevilla y Clemente Sevilla viven actualmente y han vivido durante más de 30 años en la finca de Doroteo Sevilla en el Barrio Juan Domingo del Municipio de Guaynabo."

R. 10. "Sí; vivieron desde antes de la muerte de mi padre y con posterioridad a ello sin que yo les pidiera que abandonaran la finca por razón de ser mis hermanos uterinos. Quiero hacer claro que ellos nunca han respondido al apellido de Sevilla."

.    .    .    .    .    .    .    .

P. 13. "Diga si es o no cierto que Doroteo Sevilla siempre tuvo y aceptó públicamente que los demandantes eran hijos de él y él siempre les proveyó de alimentos, vestuario y cuidado como tales hijos."

R. 13. "Sí."

Ante la situación descrita el tribunal de instancia declaró sin lugar la sentencia sumaria presentada por el demandado, aquí peticionario. Se señala como único error que incidió el tribunal al así hacerlo.

*Consideramos, a la luz de las circunstancias particulares de este caso, que no se cometió el error señalado. Se devol-*

*verá el mismo al tribunal de instancia para los procedimientos ulteriores correspondientes.*

El Juez Presidente Señor Negrón Fernández no intervino.